JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant appeals from the trial court's journal entry that granted plaintiffs-appellees' petition for a civil protection order on remand of this matter from this Court. Defendant maintains that the effect of this order was to deprive him of his right to present his defense as provided for under the law. For the reasons that follow, we sustain the assignment of error and reverse and remand
 {¶ 3} In DeCarlo v. Schilla, Cuyahoga App. No. 80170, 2002-Ohio-4186 ("DeCarlo I"), this Court addressed an appeal from plaintiffs which asserted that the trial court erred in granting defendant's motion for directed verdict at the close of plaintiffs' case-in-chief. However, this Court noted that the trial court's decision fell under Civ.R. 41(B)(2) as a dismissal rather than a directed verdict because there was no jury. Id. at ¶ 33. That rule provides, in pertinent part, that:
 {¶ 4} "After the plaintiff * * * has completed the presentation of his evidence, the defendant without waiving his right to offer evidencein the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. * * *" (Emphasis added).
 {¶ 5} In Decarlo I, this Court found that the plaintiffs had shown by a preponderance "on the record before [the court, i.e., the plaintiffs' case-in-chief]" that defendant "knowingly caused them and their families physical harm." Id. at ¶ 47. This Court went on to find the assigned error well-taken and thus held that the trial court erred in dismissing the action at the close of plaintiffs' case-in-chief.
 {¶ 6} However, DeCarlo I contained some additional dicta to the effect that the trial court erred by not granting plaintiffs' petition for a protection order. Plaintiffs cited this misstatement when they petitioned the trial court on remand for an order granting their petition.
 {¶ 7} For obvious reasons, we cannot and do not criticize the trial court for issuing the order that is the subject of this appeal. However, because the order deprived the defendant of his right to present a defense, we sustain the assignment of error on the following basis: this Court should have stated in DeCarlo I, consistent with the holding, that the trial court erred by dismissing plaintiffs' petition at the close of plaintiffs' case. This matter is accordingly reversed and remanded for further proceedings consistent with this opinion.
 {¶ 8} Judgment reversed and remanded.
It is ordered that appellant recover of appellees his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., and Ann Dyke, J., concur.